UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | **2:23-cv-09210-MCS-AJR** | Date | November 30, 2023 |
|---|---|---|---|
| Title | ***Patel v. United States*** | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO RECONSIDER (ECF NO. 8)**

Plaintiff Raj K. Patel moves for reconsideration of this Court's order denying his request to proceed in forma pauperis and dismissing the case. (Mot., ECF No. 8; *see* Order, ECF No. 7.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Plaintiff does not identify the rule under which he makes his motion. Two might apply here: Federal Rule of Civil Procedure 59(e) and Local Rule 7-18. A Rule 59(e) motion for reconsideration seeks an "extraordinary remedy," which "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted), or to prevent manifest injustice, *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

Local Rule 7-18 also provides a vehicle for reconsideration. The rule authorizes only three grounds upon which a motion for reconsideration may be brought:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. R. 7-18. "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

As best as the Court understands the motion, Plaintiff contends that the Court erred in concluding that the United States has sovereign immunity because he brings an action for writ of mandamus to which the United States is not immune. (*See* Mot. 1, 12.) The Court treats this as an argument that the Court committed clear error meriting reconsideration under Rule 59(e), as the other grounds for relief under Rule 59(e) and Local Rule 7-18 are not present.

Recharacterizing the complaint does not save it from the sovereign immunity bar. "The mandamus statute, 28 U.S.C. § 1361, is not a consent to suit by the sovereign." *Smith v. Grimm*, 534 F.2d 1346, 1352 n.9 (9th Cir. 1976). Although Plaintiff complains that the Court reached the immunity issue before the United States had an opportunity to assert it, (*see* Mot. 2–5), the Court properly reached it to resolve Plaintiff's request to proceed in forma pauperis, *see* 28 U.S.C. § 1915(e)(2)(B).

Even had the Court erred, the error was immaterial to the disposition. In addition to dismissing the complaint based on sovereign immunity, the Court determined the complaint was frivolous and implausible. (Order 1–2.) To wit, Plaintiff asserts he is the descendent of Hindu deities and is entitled to compensation for unspecified services he rendered to the United States pursuant to a contract at least three Presidents of the United States personally acknowledged. (Compl. ¶¶ 17, 20, 23–24, 26, ECF No. 1.) Among other claims, Plaintiff contends the United States breached his right to free exercise of religion "by not letting him get obese and choose his own subjective body image." (*Id.* ¶ 48.) Plaintiff expresses his desire to

engage in eugenics. (*Id.* ¶ 60.) Plaintiff seeks $6–8 trillion in damages and an order redistributing "advance weaponry to [him], for Safety and Happiness, constitutionally." (*Id.* ¶¶ 145, 166.) The Court's finding of frivolity independently supports dismissal. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The motion is denied.

**IT IS SO ORDERED.**